UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

v.

Douglas Lumir Stolba,

Defendant.

Case No. 02-362(01)(DWF)

**JOINT MOTION OF ING FINANCIAL ADVISERS, LLC, ING LIFE INSURANCE AND ANNUITY COMPANY, AND WOODBURY FINANCIAL SERVICES, INC. FOR MODIFICATION OF RESTITUTION ORDER**

ING Financial Advisers, LLC, ING Life Insurance and Annuity Company, and Woodbury Financial Services, Inc., and/or their predecessor companies (jointly "Movants"), move for a modification of the restitution order entered in this case on March 5, 2003, to account for payments made to certain of the restitutionary payees in settlement of suits brought or threatened against the Movants. Specifically, Movants request that they be substituted as payees under the restitution order pursuant to 18 U.S.C. section 3664(j)(1) to the extent of the amount of their settlement payments to each of the victims currently named in the order.

## BACKGROUND FACTS

Defendant Douglas L. Stolba ("Stolba") misappropriated client funds while an independent contractor registered to sell certain securities and insurance products through one or more of the Movants and their predecessor companies. On March 5, 2003, this Court entered judgment against Stolba on his plea of guilty to two counts of mail fraud in

violation of 18 U.S.C. section 1341. That judgment included an order that Stolba make restitution to certain of his victims, as identified in the order, in the total amount of $5,597,155.23. *See* Affidavit of Teresa Kimker ("Kimker Aff."), Exh. 1.

Most of the victims identified in the restitution order brought or threatened suit against one or more of the Movants, claiming that Movants, as Stolba's principals, were liable for his misconduct. Movants denied that they were liable for Stolba's criminal conduct or that they were liable to the victims for their losses. However, in order to avoid the cost and risk of litigation, Movants, jointly or separately, settled with a number of the victims. The details of the parties and the settlements are summarized below:

**1. Master Settlement Group**

Arlis J. Baker Hahn, Duane Baker, Barbara Jean Blake, Shirley Brosh, Teresa Callies, Jacquelynn Carlson, Robert Carnes, Marlys Cohen, Janet Davison, Thomas C. Davison and Marilyn J. Davison, Florence K. Felknor, Virginia Felknor, Karolynn N. Gritton, Frances A. Kolb, Kenneth G. LaVone, Hartley H. Medin, Beatrice Nelson, Deann Parsons, Mark J. Raskob and Monica T. Raskob, Gerald and Karen Reiter, Mary Lu Sierzant, Gerald W. Voyda and Kathleen M. Voyda, Jeanette Weeks, and James Zimmerman (collectively "Master Settlement Group") are each identified as victims entitled to restitution from Stolba in the restitution order of March 5, 2003. The total amount of restitution allocated to all of the members of the Master Settlement Group is $4,989,645.70. Kimker Aff., Exh. 1. Each of them brought separate suits against one or more of Movants in District Court for the State of Minnesota, Fourth Judicial District, Hennepin County. Kimker Aff., ¶4. In February 2005, Movants entered into a Master

Settlement with the Master Settlement Group, by which Movants agreed to pay a lump sum to the Master Settlement Group in exchange for individual releases from each member of the Master Settlement Group and dismissal of each of the lawsuits. The lump sum that the Movants paid to the Master Settlement Group exceeds the total amount of restitution allocated to all of the members of the Master Settlement Group in the restitution order. Kimker Aff., ¶¶ 4-6.

**2. Alice I. and Edwin Albertson**

Alice and Edwin Albertson are named as victims in the restitution order; Stolba was ordered to pay $207,367.08 in restitution to them. Kimker Aff., Exh. 1. The Albertsons brought suit against ING Life Insurance and Annuity Company ("ILIAC") in District Court for the State of Minnesota, Fourth District, Hennepin County. Kimker Aff., ¶7. Edwin Albertson passed away after the commencement of the lawsuit and, thereafter, Alice Albertson was the sole remaining plaintiff. Kimker Aff., ¶8. In August 2003, ILIAC entered into a settlement agreement with Alice Albertson by which ILIAC agreed to pay a certain sum to Alice Albertson in exchange for a release and a dismissal her lawsuit. The amount that ILIAC paid to Alice Albertson is less than the amount of restitution allocated to Alice and Edwin Albertson in the restitution order. Kimker Aff., ¶¶ 9-10.

**3. Susan Brosh**

Susan Brosh is named as a victim in the restitution order; Stolba was ordered to pay $297,995.59 in restitution to her. Kimker Aff., Exh. 1. Susan Brosh threatened litigation to pursue claims against ING Financial Advisers, LLC ("IFA") and ILIAC

arising from Stolba's conduct. In January 2006, IFA and ILIAC entered into a settlement agreement with Susan Brosh by which they agreed to pay a certain sum to Susan Brosh in exchange for a release of all claims against Movants. The amount that IFA and ILIAC paid to Susan Brosh is less than the amount of restitution allocated to her in the restitution order. Kimker Aff., ¶¶ 12-13.

**4. Warren Bolin**

Warren Bolin is named as a victim in the restitution order; Stolba was ordered to pay $31,662.00 in restitution to him. Kimker Aff., Exh. 1. Warren Bolin threatened litigation to pursue claims against Woodbury Financial Services, Inc. ("Woodbury") arising from Stolba's conduct. In September 2004, Woodbury entered into a settlement agreement with Warren Bolin by which it agreed to pay a certain sum to Warren Bolin in exchange for a release of all claims against Movants. The amount that Woodbury paid to Warren Bolin is less than the amount of restitution allocated to him in the restitution order. *See* Affidavit of James Langdon, ¶¶ 2-3.

## ARGUMENT

The Movants request an order substituting them as restitutionary payees, in whole or in part, for the victims identified above, pursuant to 18 U.S.C. section 3664(j)(1). That statute provides:

> If a victim has received compensation from insurance *or any other source* with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.

*Id.* (emphasis added). This provision is directly applicable to the situation at hand. Movants have provided compensation to the Master Settlement Group, Alice Albertson, Susan Brosh, and Warren Bolin for losses they sustained as a result of Stolba's conduct. Therefore, Movants are, in effect, substitute victims under the federal restitution program to the extent of the payments they have made to the victims and as a result, they are entitled to be substituted as restitutionary payees under the restitution order. *See, e.g., U.S. v. Ronnie*, 37 Fed. Appx. 583, 584 (3d Cir. 2002) (broker-dealer entitled to be named as payee in restitution order under §3664(j)(1) after fully compensating victims of securities fraud scheme for their losses). *See also U.S .v. Searing*, 250 F.3d 665, 668 (8th Cir. 2001) (under §3664(j)(1), restitution can be split between victims and insurers).

Therefore, Movants request that the restitution order be modified as follows:

a) That the Movants, jointly and severally, be substituted as payees under the restitution order for each of the members of the Master Settlement Group;

b) That the restitution payable for Alice Albertson's losses be paid as follows: first, $142,367.08 to Alice Albertson, then the remaining to ILIAC;

c) That the restitution for Susan Brosh's losses be paid as follows: first, $107,995.59 to Susan Brosh, then the remaining to IFA and ILIAC, jointly;

d) That the restitution payable for Warren Bolin's losses be paid as follows: first, $6062.00 to Warren Bolin, then the remaining to Woodbury; and

e) The restitution order as to Dale Hursh and Lucy Sierzant shall remain unchanged.

Dated: 10/19/07

**HALLELAND LEWIS NILAN & JOHNSON, P.A.**

By /s/Teresa J. Kimker

Teresa J. Kimker (# 252736)
600 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-4501
612.338.1838
612.338.7858 (Fax)

ATTORNEYS FOR ING LIFE INSURANCE AND ANNUITY COMPANY AND ING FINANCIAL ADVISERS, LLC

Dated: 10/11/07

**DORSEY & WHITNEY LLP**

By /s/James K. Langdon

James K. Langdon (# 171931)
50 South Sixth Street, #1500
Minneapolis, MN 55402-1498
612.340-2600
612.340-2868 (Fax)

ATTORNEYS FOR WOODBURY FINANCIAL SERVICES, INC.