# EXHIBIT 1

AO 245B (Rev. 3/01) Sheet 1 - Judgment in a Cr l Case

# United States District Court

**District of Minnesota**

COPY

UNITED STATES OF AMERICA
v.
**DOUGLAS LUMIR STOLBA**

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number: **02-362(01)(DWF)**
**Deborah K. Ellis**
Defendant's Attorney

**THE DEFENDANT:**

[X] pleaded guilty to count(s): **One and Two of a two-count Information**.
[] pleaded nolo contendere to counts(s) which was accepted by the Court.
[] was found guilty on count(s) after a plea of not guilty.
**Accordingly**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1341 | Mail fraud. | 3/28/02 | 1 and 2 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[] The defendant has been found not guilty on counts(s) .
[] Count(s) (is)(are) dismissed on the motion of the United States.

Special Assessment Amount $**200.00** in full and immediately.

IT IS ORDERED that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Defendant's Soc. Sec. No.: **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**
Defendant's Date of Birth: **9/8/46**
Defendant's USM No.: **10758-041**

Defendant's Residence Address:
NONE
Defendant's Mailing Address (if different from residence address):
NONE

**MARCH 5, 2003**
Date of Imposition of Judgment

Signature of Judicial Officer

**DONOVAN W. FRANK**, United States District Judge
Name & Title of Judicial Officer

**MARCH 5, 2003**
Date

A true copy in 9 sheet(s)
of the record in my custody
Certified __________, 2003
by __________
Deputy Clerk

Filed MAR 0 5 2003
Richard D. Sletten, Clerk
Judgment Entd ______
Deputy Clerk ______

14

AO 245B (Rev. 3/01) Sheet 2 - Imprisonment

DEFENDANT: DOUGLAS LUMIR STOLBA
CASE NUMBER: 02-362(01)(DWF)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **108 MONTHS. This term consists of 60 months on Count 1 and 48 months on Count 2, to be served consecutively**.

[X] The Court makes the following recommendations to the Bureau of Prisons:

1. **Confinement at FPC - Duluth, Minnesota.**
2. **Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR.**
3. **Defendant participate in the Inmate Financial Responsibility Program while incarcerated.**

[X] The defendant is remanded to the custody of the United States Marshal.

[] The defendant shall surrender to the United States Marshal for this district.
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

[] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[] before on .
[] as notified by the United States Marshal.
[] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

______________________________

______________________________

______________________________

Defendant delivered on______________ to ______________

at ______________, with a certified copy of this Judgment.

______________________________
UNITED STATES MARSHAL

By ______________________________
Deputy U.S. Marshal

DEFENDANT: DOUGLAS LUMIR STOLBA
CASE NUMBER: 02-362(01)(DWF)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **3 YEARS. This term consists of 3 years on each of Counts 1 and 2, to run concurrently.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13,1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the probation officer.

[X] The above drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this Judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this Judgment.

The defendant shall comply with the standard conditions that have been adopted by this Court (set forth below). The defendant shall also comply with the additional conditions on the attached page (if indicated below).

# STANDARD CONDITIONS OF SUPERVISION

1) The defendant shall not leave the judicial district without permission of the Court or probation officer;
2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) The defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit home or her at an time a home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

a The defendant shall not commit any crimes, federal, state, or local.

b The defendant shall abide by the standard conditions of supervised release recommended by the Sentencing Commission.

c The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapon.

d The defendant shall participate in a psychological/psychiatric counseling or treatment program, as approved by the probation officer.

e The defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

f The defendant shall be prohibited from incurring new credit charges or opening additional lines of credit without approval of the probation officer.

g The defendant shall not hold employment with fiduciary responsibilities without prior approval from the probation officer.

h The defendant is prohibited from engaging in any occupation involving retirement or financial planning during the term of supervision.

i The defendant shall be prohibited from participation in any form of gambling. The defendant shall not enter any casino or gambling establishment. This prohibition includes but is not limited to charitable gambling, wagering, pull tabs, lottery, and lottery scratch-off games.

j Because the instant offense is not drug related and the defendant does not have a history of drug abuse, the defendant is not required to undergo mandatory drug testing as set forth by 18 U.S.C. §§ 3563(a) and 3583(d).

DEFENDANT: DOUGLAS LUMIR STOLBA
CASE NUMBER: 02-362(01)(DWF)

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the Schedule of Payments set forth on Sheet 5, Part B.

| | Fine | Restitution |
|---|---|---|
| Totals: | **$WAIVED** | **$5,597,155.23** |

[] The determination of restitution is deferred until . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non federal victims must be paid in full prior to the United States receiving payment.

[] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**

| Name and Address of Payee | **Total Amount of Loss | Amt of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Edwin & Alice Albertson<br>c/o Doug Albertson<br>5139 148th Path<br>Apple Valley, MN 55124 | | $207,367.08 | |
| Arlys Baker-Hahn<br>122 East 35th Street<br>Hibbing, MN 55746 | | $93,000.00 | |
| Duane Baker<br>9540 Nicollet Avenue South<br>Bloomington, MN 55431 | | $106,518.08 | |
| Barbara Blake<br>6517 88th Avenue North<br>Brooklyn Park, MN 55445 | | $779,595.52 | |
| Warren Bolin<br>10987 106th Avenue North<br>Maple Grove, MN 55369 | | $31,662.00 | |
| Shirley Brosh<br>401 135th Drive<br>Amaria, IA 52203 | | $544,484.15 | |
| Sue Brosh<br>4051 Lakeview Drive SW<br>Cedar Rapids, IA 52203 | | $297,995.59 | |

| Name and Address Payee | **Total Amount of Loss | Amt of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Teresa Callies<br>3026 West Lake Street<br>Minneapolis, MN 55416 | | $85,000.00 | |
| Robert Carnes<br>401 135th Drive<br>Amaria, IA 52203 | | $473,151.32 | |
| Jacquelynn Carlson<br>5602 Bimini Drive<br>Minnetonka, MN 55343 | | $15,000.00 | |
| Marlys Cohen<br>3430 List Place, #1705<br>Minneapolis, MN 55416 | | $74,300.00 | |
| Janet Davison<br>20140 Coolidge Road<br>Big Rapids, MI 49307 | | $120,000.00 | |
| Tom & Marilyn Davison<br>17005 9th Avenue North<br>Plymouth, MN 55447 | | $287,129.71 | |
| Florence Felknor<br>6517 88th Avenue North<br>Brooklyn Park, MN 55445 | | $811,637.11 | |
| Virginia Felknor<br>1381 Mayfield Road<br>Seal Beach, CA 90740 | | $104,000.00 | |
| Karolynn Gritton<br>4820 Park Commons Drive<br>St. Louis Park, MN 55416 | | $20,000.00 | |
| Dale Hursh<br>345 Holly Street<br>Owatonna, MN 55060 | | $10,000.00 | |
| Frances Kolb<br>10401 Cedar Lake Road<br>Minnetonka, MN 55305 | | $171,432.82 | |
| Ken LaVone<br>1591 Clemson Drive<br>Eagan, MN 55122 | | $40,000.00 | |
| Hartley Medin<br>13127 Kerry Street NW<br>Coon Rapids, MN 55448 | | $493,848.98 | |

| Name and Address .. Payee | **Total Amount of Loss | Amt of Restitution Ordered | Priority Order or % of Pymnt |
|---|---|---|---|
| Beatrice Nelson<br>c/o Victoria Rock<br>2404 Hillsboro Avenue North<br>Golden Valley, MN 55427 | | $291,877.00 | |
| DeeAnn Parsons<br>2320 30th Avenue South<br>Minneapolis, MN 55406 | | $30,000.00 | |
| Mark & Monica Raskob<br>9121 Cheshire Lane<br>Maple Grove, MN 55369 | | $40,000.00 | |
| Gerald & Karen Reiter<br>19227 Greenbrook Drive NE<br>Wyoming, MN 55092 | | $49,000.00 | |
| Carol Roberts<br>2355 Cavell Avenue North<br>Golden Valley, MN 55427 | | Blank | |
| Lucy Sierzant<br>c/o Roseanne Sierzant<br>3542 21/2 Street NE<br>Minneapolis, MN 55418 | | $60,485.05 | |
| Mary Lu Sierzant<br>4172 Maureen Drive NE<br>Minneapolis, MN 55421 | | $80,729.94 | |
| Gerald & Kathy Voyda<br>4141 88th Lane NE<br>Circle Pines, MN 55014 | | $159,441.25 | |
| Jeannette Weeks<br>3532 Bryant Avenue South, #217<br>Minneapolis, MN 55408 | | $49,232.05 | |
| James Zimmerman<br>3411 Cleveland Street NE<br>Minneapolis, MN 55418 | | $70,267.58 | |
| TOTALS: | $0.00 | $5,597,155.23 | 0.00% |
| **Payments are to be made to the Clerk, U.S. District Court, for disbursement to the victim.** | | | |

[] If applicable, restitution amount ordered pursuant to plea agreement $.

[] The defendant shall pay interest on any fine of more than $2500, unless the fine is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

[] The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[X] The interest requirement is waived for the [] fine and/or [X] restitution

[] The interest requirement for the: [] fine and/or [] restitution is modified as follows:

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

DEFENDANT: DOUGLAS LUMIR STOLBA
CASE NUMBER: 02-362(01)(DWF)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A [X] Payment of **$14,000.00 obtained from the sale of defendant's properties and the funds available from his pension plans are** due and payable immediately

B [] Lump sum payment of $ due immediately, balance due

[] not later than , or
[] in accordance with [] C, [] D, [] E below; or

C [] Payment to begin immediately (may be combined with [] C, [] D, or [] E below); or

D [] Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the date of this judgment; or

E [] Payment in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g. months or years), to commence (e.g. 30 or 60 days) after the release from imprisonment to a term of supervision; or

F [X] Special instructions regarding the payment of criminal monetary penalties:
**Over the period of incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25.00 if working non-UNICOR or a minimum of 50 percent of monthly earnings if working UNICOR. Payments of not less than $250.00 per month are to be made over a period of 3 years commencing 30 days after release from confinement.**

Unless the court has expressly ordered otherwise in the special instructions above, if this Judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, unless otherwise directed by the court, probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[] **Joint and Several**
**Defendant Name, Case Number, and Joint and Several Amount:**

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court costs(s):

## FORFEITURE

[X] The defendant shall forfeit the defendant's interest in the following property to the United States:
**This Judgment incorporates by reference the Stipulation for Entry of Writ of Garnishment and Final Order, dated March 5, 2003, in its entirety.**

Payments shall be applied in the following order: (1) assessment, (2) non-government restitution principal, (3) government restitution principal, (4) restitution interest, (5) fine principal, (6) fine interest, (7) penalties and costs, including costs of prosecution and court costs, (8) forfeiture